# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS MARADIAGA and RAFAEL MARTINEZ, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. **3:10-CV-1028-L** |
| INTERMODAL BRIDGE TRANSPORT, INC.,[*] and COSCO LOGISTICS (AMERICAS) INC., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant COSCO Logistics (Americas), Inc.'s ("COSCO") Motion for Summary Judgment, filed June 18, 2010. COSCO originally filed a motion to dismiss, but, because it contained matters outside the pleadings, the court converted it into a motion for summary judgment, directed Plaintiffs Nicholas Maradiaga ("Maradiaga") and Rafael Martinez ("Martinez") (collectively, "Plaintiffs") to file a response to the summary judgment motion by December 17, 2010, and directed COSCO to file its reply by December 27, 2010.

On December 16, 2010, Maradiaga and Martinez filed Plaintiffs' Rule 56(f) Motion for Continuance of Deadline to Respond to Summary Judgment and Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Discovery Requests to Defendants. The magistrate judge granted in part and denied in part the motion to compel discovery; and the order required the ordered discovery to be produced by February 11, 2011. Plaintiffs did not object to or appeal the magistrate

---

[*]The correct spelling of the first word of this entity's name is "Intermodal," not "Intermodel." The court **directs** the clerk to amend the docket sheet to reflect the correct spelling.

**Memorandum Opinion and Order - Page 1**

judge's order. On February 10, 2011, the court granted Plaintiffs' Rule 56(f) Motion for Continuance of Deadline to Respond to Summary Judgment, allowed Plaintiffs until February 28, 2011, to file a response, and ordered COSCO to file its reply by March 10, 2011.

## I. Background

Plaintiffs originally filed this action on May 12, 2010. They filed an amended complaint on June 25, 2010, contending that they had been discriminated against because of their race, Hispanic, in violation of 42 U.S.C. § 1981 and alleged other claims in addition to the race discrimination claims. They assert claims of retaliation, breach of contract, and violations of the Truth in Lending Act, Fair Labor and Standards Act, and Texas Payday Law against Defendants. Both Defendants contend that they are not liable to Plaintiffs with respect to any claims asserted against them.

In its motion for summary judgment, COSCO contends that it has no connection whatsoever with Plaintiffs because it is not Plaintiffs' employer and had no control over them as independent contractors. COSCO states that Intermodal Bridge Transport, Inc. ("IBT") is Plaintiffs' employer. Plaintiffs contend that COSCO and IBT operate as an integrated enterprise and are therefore considered to be one employer under the "single employer" or "integrated enterprise" doctrine. COSCO moved for summary judgment because it contends that there is no genuine issue of material fact as to whether COSCO and IBT operate as a single entity or integrated enterprise. Plaintiffs contend that there is a genuine issue of material fact as to whether IBT and COSCO operate as an integrated enterprise and urge the court to deny COSCO's summary judgment motion.

## II.     Standard for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary

judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**III.   Discussion**

The most often cited authority by parties on the "single employer" or "integrated enterprise" doctrine with respect to employment cases is *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983). The court held that "superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer." *Id.* at 404. The factors to be "considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* (footnote and citations omitted). The second factor has been refined to: "What entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Id.* (citation omitted). This is the critical or most important question that has to be answered by the court in its analysis. *Id.; Johnson v. Crown Enters., Inc.*,

398 F.3d 339, 343 (5th Cir. 2005); *Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002); *Skidmore v. Precision Printing & Packing, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999); *Schweitzer v. Advanced Telemktg. Corp.*, 104 F.3d 761, 764 (5th Cir. 1997).

In support of their argument that IBT and COSCO are an integrated enterprise, Plaintiffs provide evidence that IBT and COSCO share a website, officers and directors; that the two entities share their principal office located in Secaucus, New Jersey; that the Chief Financial Officer ("CFO") of COSCO, Jian Huang, is also the CFO and a director of IBT; and that Gary Schubert, President of IBT, is also an Executive Vice President of COSCO. The record also establishes that IBT is a subsidiary corporation of COSCO. For these reasons, Plaintiffs argue that the two entities operate as an integrated enterprise.

COSCO counters that the evidence relied on by Plaintiffs is insufficient to establish that IBT and COSCO operate as an integrated enterprise. The court agrees.

That common management, officers and ownership exist between two entities, along with their sharing a common headquarters building and a main telephone number, is insufficient to permit the inference that the entities operate as an integrated enterprise, absent evidence that there is centralized control of labor operations. *Lusk*, 129 F.3d at 781; *Johnson*, 398 F.3d at 343-44. Plaintiffs present no evidence that COSCO made or shared in making any employment or labor decisions regarding Plaintiffs. Garland Davis ("Davis") is employed by IBT, is its terminal manager, and has held the position since March 8, 2009. He states in his affidavit that he has never been employed by COSCO, that he has no employment relationship with COSCO, that he is in charge of IBT's operations on which Plaintiffs' claims are based, that the manner in which Plaintiffs were dispatched to make deliveries or pick up loads was under his supervision without any

consultation with superior officials of IBT, and that decisions relating to the manner in which Plaintiffs were paid, complaints, and discipline were handled by him without any input or involvement from any COSCO official. He states that he does not report to COSCO on these matters and that COSCO has no involvement in such matters. The record also reflects that Davis had the authority to terminate Plaintiffs' employment relationship with IBT. Plaintiffs produced no evidence that contradicts the information contained in Davis's affidavit or the record.

Insofar as the operative facts relating to the summary judgment motion, they really are not in dispute by the parties. The question is whether Plaintiffs have produced evidence to raise a genuine issue of material fact regarding centralization of labor operations and decisions. Plaintiffs have not shown by competent summary judgment evidence that COSCO exercised any control over them with respect to employment or labor decisions, Plaintiffs' terms and conditions of employment, or Plaintiffs' working conditions. That some evidence may tend to suggest that IBT and COSCO could be a single enterprise "cannot override" uncontroverted evidence of COSCO's lack of involvement with IBT's personnel and labor decisions. *Johnson*, 398 F.3d at 344. Accordingly, Plaintiffs fail to raise a genuine issue of material fact with respect to whether IBT and COSCO form a single enterprise, and COSCO is entitled to judgment as a matter of law.

As a final observation, the court notes that Plaintiffs again state in their amended response that they have been denied essential discovery. The court finds this argument unavailing. In response to Plaintiffs' motion to compel, the magistrate judge granted in part and denied in part the motion. Plaintiffs did not object to or appeal the magistrate judge's ruling to the district court, although they could have done so pursuant to Rule 72 of the Federal Rules of Civil Procedure if they disagreed with the order regarding discovery. Moreover, the court delayed ruling on the summary

judgment motion and granted Plaintiffs a continuance so that they could have sufficient time and discovery to fashion a response to the summary judgment motion.

## IV.    Conclusion

For the reasons herein stated, the court determines that there is no genuine issue of material fact with respect to whether IBT and COSCO operate as an integrated enterprise. Accordingly, the court **grants** COSCO's Motion for Summary Judgment and **dismiss with prejudice** this action against COSCO.

**It is so ordered** this 11th day of March, 2011.

Sam A. Lindsay
United States District Judge