IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NICOLAS MARADIAGA** and **RAFAEL MARTINEZ,** | § § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. **3:10-CV-1028-L** |
| **INTERMODAL BRIDGE TRANSPORT, INC.,** | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Reconsideration of Court's Memorandum Opinion and Order Dated September 28, 2012, filed October 22, 2012. For the reasons set forth herein, the court **denies** Plaintiffs' Motion for Reconsideration of Court's Memorandum Opinion and Order Dated September 28, 2012.

Plaintiffs' grounds for reconsideration are as follows:

1. Plaintiffs first ask the Court to reconsider its ruling granting IBT summary judgment as to Plaintiffs' claims under the Regulations because the evidence establishes Plaintiffs' damages resulted from IBT's violations of the Regulations, or at a minimum, raises a fact issue as to whether Plaintiffs' damages resulted from IBT's violations of the Regulations.

2. Plaintiffs also ask the Court to reconsider its ruling that Plaintiffs' claim for 100% of the fuel surcharge is based on an oral contract and thus limited by the two-year statute of limitations. Plaintiffs' claim regarding the fuel surcharge is not based on an oral agreement but rather the written Leases in which IBT agreed to compensate Plaintiffs in exchange for Plaintiffs providing transportation services on behalf of IBT.

Mot. 2.

**Memorandum Opinion and Order – Page 1**

### I.    Ground One - Truth-in-Leasing Claim

Plaintiffs originally moved for summary judgment on their truth-in-leasing claim but now contend that a genuine dispute of material fact exists with regard to that claim. Defendants, in response to the Plaintiffs' summary judgment motion, moved for dismissal of the claim on the ground that Plaintiffs lacked standing to assert the claim, and the court agreed. Specifically, the court determined that Defendant's alleged violations of the truth-in-leasing regulations, that is, the lack of specification in the lease agreements as to Plaintiffs' compensation and IBT's alleged failure to provide requested documentation verifying the amounts paid to Plaintiffs, did not cause Plaintiffs to incur damages or attorney's fees alleged. "Rather, according to Plaintiffs, they sustained damages as a result of IBT's failure to pay them as promised." Order 12. The court therefore concluded that Plaintiffs lack standing to pursue their truth-in-leasing claim. Accordingly, even assuming as Plaintiffs now contend, as they did in support of their summary judgment motion, that Defendant violated the truth-in-leasing regulations, they lack standing to pursue a truth-in-leasing claim because their alleged injury is not traceable or linked to Defendant's alleged failure to meet section 376.12's requirements regarding the contents of carrier lease agreements or documentation that must be provided to drivers. *Id.* Plaintiffs' request for reconsideration on this ground is therefore without merit.

### II.    Ground Two - Fuel Surcharge Claim

Regarding the second ground, the court previously ruled in Plaintiffs' favor by determining that "a genuine dispute of material fact exists as to whether Plaintiffs' contract claim for 100% of the customer fuel surcharge is barred by the statute of limitations, and den[ying] IBT's summary judgment motion on this ground." Order 20. Plaintiffs nevertheless seek reconsideration of the

**Memorandum Opinion and Order – Page 2**

court's determination that their contract claim for 100% of the customer fuel surcharge is based on an oral contract for which a two-year statute of limitations applies. Plaintiffs contend that "the fuel surcharge is not based on an oral agreement but rather the written Leases"; however, Plaintiffs acknowledge that "the Leases themselves do not specify the compensation IBT was to pay Plaintiffs." Mot. 1, 8. Instead, Plaintiffs "recall a written document detailing how IBT compensated Plaintiffs that was given to Plaintiffs at the time they signed their respective Leases and was supposed to be incorporated into the Leases." Mot. 8.

As explained in the court's prior opinion, under California law, contracts based upon oral obligations that are not founded upon a written instrument have a two-year statute of limitations, whereas claims based on a written instrument have a four-year statute of limitations. *Sky Crest Inv., Inc. v. Security Title Ins. Co.*, 17 Cal. Rptr. 321, 322-33 (Cal. Dist. Ct. App. 1961) (quoting Cal. Code of Civ. Proc. §§ 337, 339). Importantly, to qualify as an obligation based on a written contract, the California Supreme Court has explained that "[*t*]*he promise must be one arising directly from the writing itself, and included in its terms*." *O'Brien v. King*, 164 P. 631, 633 (Cal. 1917) (emphasis added). Thus, "[i]n order to be founded upon an instrument in writing, *the instrument must itself contain a contract to do the thing for the nonperformance of which the action is brought*." *McCarthy v. Mount Tecarte L. & W. Co.*, 43 P. 956, 959 (Cal. 1896) (emphasis added).

Plaintiffs contend that Defendant failed to pay them in accordance with a document shown to them when they signed their respective leases with Defendant, but they admit that the agreement regarding compensation that they now seek to enforce was not incorporated into the leases. The court further notes that the leases at issue both state as follows in section 17: "This Agreement constitutes the entire Agreement and understanding between the parties and shall not be modified,

**Memorandum Opinion and Order – Page 3**

altered, changed or amended in any respect unless in writing and signed by both parties." Pls.' App. 23-24.  Moreover, Plaintiffs state in their affidavits that the alleged agreement regarding the fuel surcharge was based on verbal representations by Defendant at the time they signed the leases.  Pls.' App. 4, 6, ¶ 3 ("*At the time I signed the Lease, IBT told me* I would be paid per trip an amount equal to seventy-two percent (72%) of the total rate charged to the customer with the exception of the fuel surcharge for which I was to receive one-hundred percent (100%) of the fuel surcharge paid by the respective customer.  *The Lease does not show what I am being paid*.") (emphasis added). Accordingly, under California law, the parties' alleged agreement as to the fuel surcharge "*to do the thing for the nonperformance of which the action is brought*" is based on an oral contract that is subject to a two-year statute of limitations.  *McCarthy*, 43 P. at 959 (emphasis added).

For this reason and because the court also determined that the alleged agreement qualified as an installment agreement, the court concluded that Plaintiffs' fuel surcharge claim is not barred by applicable statute of limitations as contended by Defendant.  Rather, Plaintiffs may reach back two years to May 21, 2008, from the time this action was filed, to assert their fuel surcharge claims. The court notes that its calculation of the claim accrual date is more generous than that previously argued by Plaintiffs.  Although Plaintiffs signed leases with Defendant in September 2005 and July 2006 when they began performing hauling services for Defendant, Plaintiffs contended in response to Defendant's discovery rule argument that their fuel surcharge claim did not accrue until they noticed that their pay was decreasing after manager Garland Davis was hired by Defendant.  In light of the court's determination that the agreement was an installment contract and the undisputed evidence that Davis's employment commenced on April 9, 2008, the court disagreed that Plaintiffs' fuel surcharge claim was barred by the statute of limitations.  Because the court determined that

**Memorandum Opinion and Order – Page 4**

Plaintiffs could pursue their fuel surcharge claim, it also concluded that Defendant's argument regarding Plaintiffs' alleged failure to plead the discovery rule was moot.

The court therefore stands by its earlier ruling and determination. For purposes of clarification, the court further notes that while Plaintiffs may not reach back farther than May 21, 2008, with regards to their fuel surcharge claim, they are not precluded from seeking amounts claimed to be owed them under their respective installment contracts after this case was filed.

### III.   Conclusion

For the reasons explained, the court **denies** Plaintiffs' Motion for Reconsideration of Court's Memorandum Opinion and Order Dated September 28, 2012. The court reiterates that, given the significantly narrowed scope of the case, the parties should seriously consider settling this action. Further, given the cost, both in terms of attorney's fees and judicial resources, the court *questions, even more than it did previously*, whether it makes good business, economic, or legal sense for the parties to continue their scorched earth approach in litigating this matter in light of the relatively small amount of damages that may be recovered in comparison to the attorney's fees expended.

**It is so ordered** this 6th day of November, 2012.

*[signature]*
Sam A. Lindsay
United States District Judge